UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACTIAN CORPORATION,<br><br>                    Plaintiff,<br><br>      -against-<br><br>SS&C TECHNOLOGIES, INC.,<br><br>                    Defendant. | 25-CV-08352 (JHR) (RFT)<br><br>**OPINION & ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

I construe Defendant's motion to adjourn the initial pre-trial conference (*see* ECF 40) as a motion to stay discovery until after a decision on the pending motion to dismiss the operative complaint (*see* ECF 16). I consider Defendant's motion notwithstanding that it was filed late; Defendant is admonished that future late filings may not be considered.

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024); *Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022). After reviewing the complaint (*see* ECF 1), the memorandum in support of the motion to dismiss and supporting papers (*see* ECF 17, 18, 19, 20), the memorandum opposing the motion to dismiss and

supporting papers (*see* ECF 33, 34, 35), the reply in further support of the motion to dismiss (*see* ECF 36), the letter-motion for a stay of discovery (*see* ECF 40), Plaintiff's response to Defendant's motion to stay discovery (*see* ECF 41), and the parties' joint letter on whether they could agree on the exchange of any discovery (*see* ECF 48), I conclude that Defendant has met its burden of showing that there is good cause for the stay.

Plaintiff in the first instance requests production of three categories of documents from Defendant, arguing that the request is narrowly tailored and that the documents would not be burdensome for Defendant to produce. (*See* ECF 48.) Defendant responds that the requests seek contracts going back many years, but Defendant focuses on the concern that the requests seek client information, which Defendant contends Plaintiff would use to harass clients, as well as confidential and proprietary information that Plaintiff would use to fish for a theory of liability. (*See Id.*) Defendant has not shown that the requested discovery would be onerous to produce, and Defendant's stated concerns could be addressed by a protective order. The scope of the anticipated discovery counsels against a stay. *See Richardson,* 2024 WL 2003340, at *1.

The strength of the underlying motion to dismiss counsels in favor of granting a stay, because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info*. Servs*., LLC v. RPost Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this observation, predict the outcome of the motion. However, Defendant's memoranda of law in support of the motion provide substantial arguments for dismissal of several, if not all, of the claims set out in the complaint. Those arguments are supported by governing case law, and so I cannot conclude that Defendant's motion is unfounded in the law. Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate

the need for discovery, this factor weighs in favor of granting a stay. *See Richardson,* 2024 WL 2003340, at *2.

Plaintiff suggests there would be prejudice from a stay because "as months continue to pass, witnesses can lose recollection of relevant events, third-party SS&C customers may eliminate relevant records and copies of Actian Software, and SS&C may destroy evidence, including by terminating the systems running or hosting Actian's software before Actian has the opportunity to inspect them." (ECF 41.) That memories fade with the passage of time is true in all cases where a stay is granted and is not a compelling basis for denying a stay. And Plaintiff acknowledges that Defendant and third-party customers have received litigation hold notices. (*See Id.* (arguing that customers "who received litigation hold notices must continue their efforts to comply with them actively").) Defendant and third parties who received litigation hold notices are obligated to preserve the documents that are relevant to this case, and there is no basis to conclude that Defendant or those third parties would fail to meet that obligation. Plaintiff has provided no support for its suggestion that delaying the start of discovery pending a decision on Defendant's motion to dismiss will lead to spoliation.

On balance, the relevant factors support granting a stay. Nevertheless, I am mindful that Plaintiff's claims have been pending for over a year (initially in the Northern District of California). Therefore, I will expect the parties to submit a proposed case management order within seven days of any decision on the motion to dismiss that permits any of Plaintiff's claims to proceed; that Defendant will begin its document production within 14 days of any such order; and that Defendant's document production will be substantially complete within four months of any such order.

Defendant's motion to stay discovery is GRANTED. The Clerk of Court is respectfully requested to terminate ECF 40. SO ORDERED.

DATED:  February 24, 2026            SO ORDERED.
        New York, NY

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**